NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 10, 2020[*]
Decided April 14, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-3021

| | |
|---|---|
| CLARENCE B. JACKSON, <br> *Plaintiff-Appellant,* | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 2:18-cv-02257-CSB-EIL |
| ANDREW M. SAUL, Commissioner of <br> Social Security, <br> *Defendant-Appellee.* | Colin S. Bruce, <br> *Judge.* |

**O R D E R**

Clarence Jackson challenges the Social Security Administration's decision to recover $1,270.92 in overpaid supplemental security income. The district court upheld the agency's decision. Because Jackson does not contest that he was overpaid and that he was at least partially at fault for the overpayment, we affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Jackson's case starts in 2010, when the agency awarded him benefits after concluding that he had been disabled since 2007. Following that decision, the agency notified Jackson that it would withhold some of his back benefits because of an earlier overpayment. Jackson, contending that he had been disabled since 1991 and was entitled to the entirety of his back benefits, sought judicial review. But the district court dismissed the suit for lack of jurisdiction because Jackson had not exhausted administrative remedies and, alternatively, because he had filed his complaint too late. Jackson appealed, but we summarily dismissed Jackson's appeal for failing to address the district court's rationale. *See Jackson v. Astrue*, 472 F. App'x 421, 422 (7th Cir. 2012).

Several years later, the agency discovered that it was overpaying Jackson because of previously undisclosed earnings. The agency calculates supplemental security income payments each month, reducing benefits to account for the beneficiary's monthly income. 20 C.F.R. § 416.420. Throughout 2014 and 2015, Jackson's brother hired him to run errands and push him in a wheelchair. Jackson reported the payments from his brother as self-employment income on his tax returns, but he did not report them to the agency until after the agency had already calculated and paid him benefits for those months. After reviewing Jackson's tax returns, the agency ultimately concluded that it had overpaid Jackson every month from March 2014 to March 2016. The agency notified Jackson that it would recover the overpayments by garnishing future benefits.

After a hearing, an administrative law judge found Jackson liable for $4,699.26 in overpayment over the two years. The ALJ discredited Jackson's testimony that the money from his brother was a loan and not income, pointing out that Jackson had reported the money as income to the agency and on his taxes. And Jackson was not entitled to a waiver of recovery, the ALJ concluded, because his failure to timely report his earnings made him partially at fault in causing the overpayment. *See* 42 U.S.C. § 404(b)(1). The ALJ rejected Jackson's assertion that he misunderstood how the income would affect his benefits, explaining that the agency had notified Jackson multiple times about how his benefits were calculated.

The Appeals Council reversed the ALJ's decision in part and affirmed it in part. Based on newly updated tax documents, the Council concluded that the agency stopped overpaying Jackson after February 2015, and so Jackson was liable for only $1,270.92 in overpayments. But the Appeals Council otherwise accepted the ALJ's findings, including the determination that Jackson's failure to report his income made him partially at fault for the overpayment and thus ineligible for waiver of recovery.

Jackson again sought judicial review but again did not explain why the agency's final ruling (i.e., the Appeals Council's) was wrong and instead sought to relitigate the amount of back benefits awarded in the agency's 2010 decision. The district court upheld the Appeals Council's decision, explaining that only the agency's most recent decision was before it for review. Further, the court explained, the only issues relevant to the court's review of that decision were whether Jackson was overpaid and whether he was without fault in incurring the overpayment. The court concluded that Jackson had waived those issues by failing to develop any argument for why the Appeals Council's findings were incorrect. But even if he had not, the court continued, the court would nonetheless affirm because substantial evidence supported the Appeals Council's decision. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Jackson's tax returns supported the Appeals Council's calculation of the overpayment. And its conclusion that Jackson was partially at fault was supported by evidence that Jackson had received benefits for several years and that the agency had notified him multiple times about his duty to report changes in his monthly income.

On appeal, Jackson does not contest the Appeals Council's findings that he was overpaid and at fault for the overpayment. Instead, he appears to argue that the agency should waive recovery because the ALJ who found him disabled in 2010 miscalculated his back benefits. But as the district court correctly explained, only the most recent agency decision is under review. The deadline for Jackson to seek judicial review of the 2010 ALJ decision has long since passed. *See* 42 U.S.C. § 405(g). And because Jackson failed to request Appeals Council review of that decision as required by 20 C.F.R. § 404.968, he cannot now ask us to conclude that the decision was wrong. *See Smith v. Berryhill*, 139 S. Ct. 1765, 1779–80 (2019); 20 C.F.R. § 404.955. Moreover, even if the ALJ had miscalculated his benefits in 2010, that would not be a ground for waiving recovery of the current overpayment. The Social Security Act allows the agency to waive recovery only when a beneficiary is without fault in incurring the overpayment. 42 U.S.C. § 404(b)(1); *Casey v. Berryhill*, 853 F.3d 322, 329 (7th Cir. 2017). When a beneficiary is not entitled to waiver under the Act, the agency is required to seek recovery. *Id.* § 404(a)(1); *Berg v. Soc. Sec. Admin.*, 900 F.3d 864, 868 (7th Cir. 2018). That the agency may have *also* been at fault in making the overpayment (which is what we take Jackson to be arguing here) does not relieve him of his burden to prove that he was without fault. *See* 20 C.F.R. § 416.552. And because he does not otherwise challenge the fact of the overpayment, he is liable to repay it.

We have considered Jackson's additional arguments, and none has merit.

AFFIRMED